**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo Nation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Office of Navajo and Hopi Indian Relocation, et al.,<br><br>　　　　　Defendants. | No. CV-21-08190-PCT-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff Navajo Nation's ("the Nation") "Notice of First Amended Complaint and Alternative Motion for Leave to File First Amended Complaint." (Doc. 37.) For the following reasons, the motion is granted.

**RELEVANT BACKGROUND**

In this action, the Nation has sued the Office of Navajo and Hopi Indian Relocation ("ONHIR") and the U.S. Department of the Interior ("DOI") (together, "Defendants") for failing to comply with various provisions of the Navajo and Hopi Indian Land Settlement Act of 1974 and subsequent enactments. (Doc. 1.) At the outset of the case, Defendants filed a motion to dismiss all four of the Nation's claims. (Doc. 20.)

In a tentative ruling issued before oral argument, the Court stated that it was inclined to grant the motion in full. (Doc. 30.) As for Count One, the Court stated that the analysis was complicated by the parties' disagreement over the nature of the claim—Defendants argued in their motion that Count One was a claim under the Administrative Procedure Act ("APA") and raised various challenges based on that understanding, the Nation argued in

its response that Count One was actually a breach-of-trust claim (but did not dispute that Count One would be subject to dismissal if it were an APA claim), and Defendants then raised various arguments in their reply as to why any breach-of-trust claim would be subject to dismissal. (*Id.* at 8-13.) Given that backdrop, the tentative ruling stated that, "[u]nder the circumstances, the best solution is to dismiss Count One to the extent it is a claim under § 706(1) of the APA, grant the Nation leave to amend (so that, to the extent Count One is intended to be a non-APA breach-of-trust claim, it can be pleaded with more clarity), and then address any motion to dismiss the amended claim on a more developed record." (*Id.* at 13.)

During oral argument, the Court asked the Nation's counsel to address this proposed disposition of Count One. In response, counsel stated there was no need to dismiss Count One because it "objectively and properly asserts a breach of trust claim." The Court then asked: "What's the harm [in] just saying, listen, they misperceived it as an APA claim, everybody agrees it's not an APA claim, let's just have a new version of the pleading that, even though you think it [doesn't] need any more clarity, provides clarity on this . . . ?" Counsel responded: "We have no objection to amending. We would suggest, however, that rather than amending . . . the Court's tentative ruling can and should be reconsidered regarding dismissal of [Count One] as it was pled as a violation of fiduciary obligations under the [Settlement] Act. If there is a need for Defendants to take a second bite at the apple in terms of briefing a claim as we assert it, we have no objection to supplemental briefing."

Accordingly, in the final ruling issued on September 29, 2022, the Court declined to dismiss Count One in its entirety and instead authorized Defendants to file a successive motion to dismiss Count One. (Doc. 32 at 11.) In a footnote, the Court explained: "Another option, which was discussed in the tentative ruling issued before oral argument, would be to dismiss Count One with leave to amend. This approach would allow the Nation to add allegations in support of its breach-of-trust theory, at which point Defendants could file a motion to dismiss the amended pleading. However, during oral argument, the Nation stated

that no amendments are necessary. Accordingly, in lieu of dismissing Count One in its entirety and granting leave to amend, the Court will simply allow Defendants to file another motion to dismiss now that the nature of Count One has been clarified." (*Id.* at 11 n.8.)

On October 20, 2022, Defendants filed a successive motion to dismiss Count One. (Doc. 33.)

On November 10, 2022, in lieu of filing a response to Defendants' successive motion to dismiss, the Nation filed a First Amended Complaint ("FAC"). (Doc. 36.) The Nation simultaneously filed the notice/motion now pending before the Court. (Doc. 37.) The notice/motion states that the Nation should be allowed to file the FAC as a matter of course under Rule 15(a)(1)(B) because it was filed within 21 days of service of Defendants' successive motion to dismiss and argues in the alternative that the Nation should be granted leave to file the FAC under Rule 15(a)(2)'s liberal amendment standard. (*Id.*) The notice/motion states that the FAC "only amends and clarifies non-APA Count One" and explains that the amendments are intended to "address[] concerns asserted in the pending [successive] motion to dismiss about statement of a claim for breach of fiduciary duty." (*Id.* at 3, 8.)

On November 23, 2022, Defendants filed a response to the notice/motion. (Doc. 40.) Defendants argue that Rule 15(a)(1) is inapplicable here, and thus the Nation should not be allowed to file the FAC as a matter of course, and "take no position on the Nation's pending request for leave to amend under Rule 15(a)(2), but instead defer to the Court on whether leave should be granted in light of the fact that the Court previously offered the Nation an opportunity to amend its pleading and the Nation declined, representing to the Court and Defendants that 'no amendments are necessary.'" (Doc. 40 at 5-6.) Defendants also request of a short extension of the time to respond in the event the FAC is allowed to be filed. (*Id.* at 6 n.2.)

On November 30, 2022, the Nation filed a reply reiterating its position that it should be allowed to file the FAC as a matter of course under Rule 15(a)(1) and arguing in the alternative that, because Defendants "do not even attempt to meet their significant burden

of avoiding the liberal and satisfied bases for leave to amend" under Rule 15(a)(2), the Court should allow the FAC to be filed under that provision. (Doc. 41.)

**DISCUSSION**

The parties' dispute, if it even qualifies as a dispute, is easily resolved. Regardless of whether Rule 15(a)(1)(B) applies here, the Nation has satisfied Rule 15(a)(2)'s amendment standard, which "advises the court that 'leave [to amend] shall be freely given when justice so requires.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). "This policy is 'to be applied with extreme liberality.'" *Id.* (citation omitted). Thus, leave to amend should be granted unless "the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Here, Defendants do not appear to object to amendment under Rule 15(a)(2) and do not, in any event, argue that the proposed amendments in the FAC would be prejudicial, are sought in bad faith, would produce an undue delay, or are futile. Nor would it make sense to deny the current amendment request on the ground that the Nation declined the previous offer of leave to amend. The Nation has reevaluated its position after taking stock of recent developments, which is generally a wise approach to litigation, not evidence of bad faith.

Based on the filing of the FAC, the pending motion to dismiss is moot. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' In other words, 'the original pleading no longer performs any function . . . .' Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . . .") (citations omitted).

…

Accordingly,

**IT IS ORDERED** that:

1. The Nation's "Notice of First Amended Complaint and Alternative Motion for Leave to File First Amended Complaint" (Doc. 37) is **granted**. The FAC (Doc. 36) is deemed filed.

2. Defendants' successive motion to dismiss Count One of the original complaint (Doc. 33) is **denied as moot**.

3. The deadline for Defendants to answer or otherwise respond to the FAC is **January 6, 2023**.[1]

Dated this 2nd day of December, 2022.

Dominic W. Lanza
United States District Judge

---

[1] Although Defendants requested that the response deadline be 28 days following the issuance of the order resolving the Nation's request to file the FAC (Doc. 40 at 6 n.2), this approach would put the deadline in the middle of the December holidays. Accordingly, the Court *sua sponte* extends the deadline to January 6, 2023.